Utica Place Commercial LLC v Brooklyn UC Admin. Servs., LLC (2021 NY Slip Op 01565)





Utica Place Commercial LLC v Brooklyn UC Admin. Servs., LLC


2021 NY Slip Op 01565


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 650845/18 Appeal No. 13374 Case No. 2020-03853 

[*1]Utica Place Commercial LLC, Plaintiff-Appellant,
v
Brooklyn UC Administrative Services, LLC, et al., Defendants, Jason Shevetz, Defendant-Respondent.


Law Office of Kenneth G. Roberts, P.C., New York (Kenneth G. Roberts of counsel), for appellant.
Sol Kodsi, New York, for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about October 3, 2019, which, to the extent appealed from, denied plaintiff's motion for summary judgment on its cause of action to enforce a guaranty against defendant Jason Shevetz, denied plaintiff's motion to reject the Referee's report finding that plaintiff failed to establish damages as to Shevetz, granted Shevetz's cross motion to confirm the Referee's report, and dismissed the action against Shevetz, unanimously affirmed, without costs.
The court properly confirmed the report of the Special Referee and dismissed the action against defendant Shevetz based on the Referee's finding that plaintiff failed to establish damages at the inquest. Contrary to plaintiff's argument, the court correctly found that the Referee did not improvidently exercise his discretion in denying the request for a continuance of the inquest sought by plaintiff upon its witnesses' failure to authenticate the documentary evidence proffered to show the damages. The Referee considered the continuance request based on the information and arguments put before him, and he soundly exercised his discretion to deny it, as plaintiff's counsel's request for a continuance to call a proper witness was a request based on a failure to exercise due diligence, and counsel otherwise failed to provide a reasonable justification for her request to continue the inquest that had previously been twice adjourned and marked final (see Matter of State Farm Fire & Cas. Co. v Jackson, 165 AD3d 518 [1st Dept 2018]; Matter of Steven B., 24 AD3d 384 [1st Dept 2005], affd 6 NY3d 888 [2006]; Halloran v Spina Floor Covering, 185 AD2d 149 [1st Dept 1992]).
The court also properly denied as moot plaintiff's summary judgment motion seeking to establish the damages it failed to prove at the inquest, and we find no basis to grant that motion, which would circumvent the finding of the Referee confirmed by the court.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021